**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Angela James, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   12 C 5441 |
| | ) | |
| Cavalry Portfolio Services, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| Cavalry Investments, LLC, a Delaware | ) | |
| limited liability company, and Law Office | ) | |
| of Keith S. Shindler, Ltd., d/b/a The | ) | |
| Shindler Law Firm, an Illinois corporation,) | | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Angela James, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages for Defendants'

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) many of the acts and

transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Angela James ("James"), was a citizen of the State of Illinois,

from whom Defendants attempted to collect a delinquent consumer debt allegedly owed

for a Bank of America credit card, despite the fact that she was represented by the legal

aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Cavalry Portfolio Services, LLC ("Cavalry Portfolio"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Cavalry Portfolio operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Cavalry Portfolio was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Ms. James.

5.     Defendant, Cavalry Investments, LLC ("Cavalry Investments") is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Cavalry Investments operates a nationwide debt collection business, and attempts to collect debts from consumers in every state, including consumers in the State of Illinois.  In fact, Defendant Cavalry Investments was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. James.

6.     Defendant Law Office of Keith S. Shindler, Ltd., d/b/a The Shindler Law Firm ("Shindler") is an Illinois corporation, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because, from its offices in Schaumburg, Illinois, it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent

consumer debts.  Defendant Shindler operates a nationwide debt collection business, and attempts to collect debts from consumers in every state, including consumers in the State of Illinois.  In fact, Defendant Shindler was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. James.

7.      Defendant Cavalry Investments is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as its sister company, Cavalry Portfolio, and Defendant Shindler.

8.      Defendants Cavalry Portfolio, Cavalry Investments and Shindler are all authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, all Defendants conduct extensive and substantial business in Illinois.

9.      Defendants Cavalry Portfolio is licensed as debt collection agency in the State of Illinois; however, Defendant Cavalry Investments is not so licensed, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, Defendants Cavalry Portfolio and Cavalry Investments each act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

10.      Ms. James is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed originally for a Bank of America account.  At some point in time after that debt became delinquent, Defendant Cavalry Investments bought Ms. James's alleged Bank of America debt, and when

3

Cavalry Portfolio and Cavalry Investments began trying to collect the Bank of America debt from her, Ms. James sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

11.     Specifically, Defendant Cavalry Portfolio and Cavalry Investments sent Ms. James an initial form collection letter, dated May 6, 2011, demanding payment of the Bank of America debt.  A copy of this letter is attached as Exhibit C.

12.     Accordingly, on June 17, 2011, one of Ms. James's attorneys at LASPD informed Cavalry Portfolio and Cavalry Investments, in writing, that Ms. James was represented by counsel, and directed them to cease contacting her, and to cease all further collection activities because Ms. James was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

13.     Undeterred, Cavalry Portfolio and Cavalry Investments then had Defendant Shindler send Ms. James a collection letter, dated November 17, 2011, which demanded payment of the Bank of America debt.   A copy of this collection letter is attached as Exhibit E.

14.     Defendant Cavalry Investments was required by the Illinois Collection Agency Act, 225 ILCS § 425/1, et seq., to be licensed as a collection agency to attempt to buy and to attempt to collect Ms. James' alleged Bank of America debt; however, Cavalry Investments was not licensed as a collection agency by the Illinois Division of Professional Regulation; see, LVNV Funding, LLC v. Trice, 952 N.E. 2d 1232, 352 Ill. Dec. 6 (Ill.App.Ct. 1st Dist. 3rd Div. 2011).

15.     Defendants' collection actions complained of herein (Exhibit E), occurred within one year of the date of this Complaint.

16.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17.     Plaintiff adopts and realleges ¶¶ 1-16.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

19.     Here, the letter from Ms. James's agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

20.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23.     Defendants knew, or readily could have known, that Ms. James was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. James was represented by counsel, and had directed a cessation of communications with Ms. James (Exhibit D).  By directly sending a collection letter to Ms. James (Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violations Of § 1692e and § 1692f Of The FDCPA --**
**False, Misleading or Deceptive Statements and**
**Use of Unfair or Unconscionable Collection Means**

25.     Plaintiff adopts and realleges ¶¶ 1-16.

26.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading means in connection with the collection of any debt, see, 15 U.S.C. § 1692e, while  §1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f(1).

27.     Defendant Cavalry Investments' attempts to collect upon defaulted consumer debts in Illinois, when it was unlicensed, and thus had no right to do so, and Defendants Cavalry Portfolio's and Shindler's assistance in Cavalry Investments' illegal,

unlicensed collection actions, constitutes both the use of false, deceptive or misleading means in connection with the collection of any debt, and the use of unfair or unconscionable means to collect a debt, in violation of § 1692e and § 1692f of the FDCPA.

28.     Defendants' violations of § 1692e and § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Angela James, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff James, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Angela James, demands trial by jury.

Angela James,

By: /s/ David J. Philipps____
One of Plaintiff's Attorneys

Dated:  July 10, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com